# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **STANLEY E. FRANKLIN EL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 1:12CV401 |
| ) | |
| **BEVERLY PERDUE,** ) | |
| ) | |
| **Defendant(s).** ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Stanley E. Franklin El, has submitted a pro se complaint under 42 U.S.C. § 1983[1] and requested that he be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names Beverly Perdue, the Governor of North Carolina, as the only defendant in the case. Plaintiff claims that he is a "Moorish American National with the status of Inheritance and Indigenous Birth Rights" who has been a "victim of Denationalization in the County of Richmond state of North Carolina." (Docket Entry 2, § V.) He states that he is now being "held captive and restrained of liberty" by the North Carolina Department of Correction which is "under the Jurisdiction of Governor Ms. Beverly Perdue." (Id.) He contends that the North Carolina courts have no jurisdiction over him because of his status as a Moorish American National. (Id.) For relief, Plaintiff seeks

---

[1] The Complaint (Docket Entry 2) states on the title page that it is also brought under "Bivens, 403 U.S. 338 (1971)," which is an apparent reference to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). That case allows a plaintiff to proceed pursuant to 28 U.S.C. § 1331 by alleging that federal officers violated his constitutional rights. Because Plaintiff makes no allegations against any federal officer, his action is not one under Bivens.

unspecified "immediate injunction [sic] relief," "40 acres and a mule," and $125 million in non-taxable funds. ( Id., § VI.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal

citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995) (en banc).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2] The Court may also anticipate affirmative defenses that clearly appear on the

---

[2]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)), cert. denied, ___ U.S. ___, 130 S. Ct. 2064 (2010), and cert. denied, ___ U.S. ___, 130 S. Ct. 3275 (2010).

face of the complaint.  Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Nasim, 64 F.3d at 954.

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and because it fails to state a claim on which relief may be granted.

Plaintiff's Complaint lists a prisoner identification number of 0484411. (Docket Entry 2, § IV(A).)  The online records of the North Carolina Department of Correction reveal that the prisoner with that number is "Stanley E. Franklin" and that he is serving a life sentence after being convicted of first-degree rape in Richmond County, North Carolina.  See http://www.doc.state.nc.us/offenders (search for "0484411" last completed April 23, 2012). Therefore, it is apparent that Plaintiff's entire set of factual allegations is aimed at attempting to undermine his conviction and life sentence for first-degree rape.  An action under § 1983 is not appropriate for attacking a criminal conviction.  Plaintiff is not allowed to raise this type of claim without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff fails to do so and, therefore, dismissal is proper.[3]

---

[3]Any attack on Plaintiff's conviction and sentence would have to be brought as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Plaintiff has previously filed two such petitions in this Court, both of which were dismissed without prejudice due to procedural deficiencies.  However, Petitioner was also told in association with both dismissals that his claimed status as a "Moor" or member of the "Moorish American Nation" would not affect his conviction or absolve him of criminal responsibility.  See Franklin-El v. The United States District Court for the Middle District of North Carolina, Case No. 1:10CV84, Docket Entry 2 (M.D.N.C. Feb. 2, 2010) and Franklin-El v. Lamb, Case No. 1:10CV183, Docket Entry 3 (M.D.N.C. Mar. 15, 2010).

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation. Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he pay the applicable filing fee. Plaintiff does not appear to have funds to make an initial payment. However, the Court will order that payments be withheld as Plaintiff receives funds into his prison trust account.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of May, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

                                                    /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                                              **United States Magistrate Judge**

Date: April 23, 2012